UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED,<br><br>*Plaintiff*<br><br>v.<br><br>ABDG STORE, ANIME-HOUSE STORE, ANYANG FEEKER TRADING CO., LTD., BABY BOARD GAME(DROP SHIPPING) STORE STORE, BAOKANWEIYI STORE, BLACK MAN K STORE, CHANGSHA WODEMORE TECHNOLOGY CO., LTD., CLHW GROCERY STORE, CUTE SMALL MOUSE TOY STORE, CUTE STICKER HOUSE STORE, CXLIDY PARTY STORE, DAILY BOUTIQUE DEPARTMENT STORE, DONGGUAN NUOSHENG ELECTRONIC TECHNOLOGY CO., LTD., DONGGUAN TONGJIA TOYS CO., LTD., DONGYANG YADI PET PRODUCT CO., LTD., EE PARTY STORE, EWEISER ELECTRONIC TECHNOLOGY (SHENZHEN) CO., LTD., FACAIPARTY STORE, FARSHUNIN STORE, FOOK FONG TOY STORE, FUJIAN PROVINCE JIANOU CITY RUIYI CRAFTS CO., LTD., FUN LE TOY CITY STORE, FUN-PARTY STORE, GONGTEN STORE, GUANGZHOU HAPPY ISLAND TOYS CO., LTD., GUANGZHOU YIMAI TRADING CO., LTD., HANGZHOU XINGGE GIFT CO., LTD., HANGZHOU XINGGE GIFTS CO., LTD., HEBEI SHUOHUI PAPER PRODUCTS CO., LTD., HENAN FEEKER IMPORT AND EXPORT CO., LTD., HENAN SENFA TRADING CO., LTD., INDECOR STORE, JINHUA ZHIBO GARMENT CO., LTD., JINJIANG CHENGLE SHOES AND GARMENT CO., LTD., JJ PARTY STORE, KIDS-TOY STORE, LET'S PARTY TOGETHER STORE, LIFE & ART STORE, LITTLE MONKEY TOY STORE, LU WOOD STORE, MOTHER AND BABY TOY STORE STORE, PESENAR STORE, PESENAR1314 STORE, PHOTURT BACKDROPS STORE, PIAOLIANG BABY STORE, PP BABY STORE, PURPLE GAME STORE, QINGDAO BAZHIZHI CULTURE CO., | Civil Case No. 22-CV-2386 (RA)<br><br>1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY<br><br>**FILED UNDER SEAL** |

...

LTD., QUANZHOU HAPPY BROTHERS TRADING CO., LTD., QUANZHOU JINHETUO PACKAGING SUPPLIES CO., LTD., QUANZHOU LONGKUN ARTS AND CRAFTS CO., LTD., SHANGHAI XINYAN INDUSTRIAL CO., LTD., SHAOXING HUALAI EMB. & HOME TEXTILE CO., LTD., SHOP1970547 STORE, SHOP5702013 STORE, SHOP911116284 STORE, SKY HOME CO.,LTD, STICKER WORLD STORE, TEMILA PLUSH TOY STORE, TOGETIT STORE, VL STORE, WANMEI BABY STORE, XIAMEN PALMY IMPORT & EXPORT CO., LTD., YANGZHOU CAISHENG HANDICRAFT PRODUCT CO., LTD., YANGZHOU MEIXUAN TOYS AND GIFTS CO., LTD., YIWU BOBO CRAFTS CO., LTD., YIWU CHANGYUAN E-COMMERCE FIRM, YIWU CITY CARNIVAL COSTUME FACTORY, YIWU DINGYI E-COMMERCE CO., LTD., YIWU FUXIN TRADE CO., LTD., YIWU HUALEI E-COMMERCE CO., LTD., YIWU KAIRAN TRADING CO., LTD., YIWU LONGFEI GARMENT CO., LTD., YIWU MIAOJIA TECHNOLOGY CO., LTD., YIWU MINZHI CLOTHING FIRM, YIWU QUEYI CLOTHING CO., LTD., YIWU TANGAO E-COMMERCE FIRM, YIWU TOYSTOCKER TOYS CO., LTD., YIWU YUYUN TRADING CO., LTD., YIWU ZIHAN IMPORT AND EXPORT CO., LTD. and YUDUOBAO TOY STORE,

*Defendants*

# GLOSSARY

| Term | Definition |
| --- | --- |
| **Plaintiff or Moonbug** | Moonbug Entertainment Limited |
| **Defendants** | ABDG Store, Anime-House Store, Anyang Feeker Trading Co., Ltd., Baby board game(drop shipping) Store Store, BAOKANWEIYI Store, Black Man K Store, Changsha Wodemore Technology Co., Ltd., CLHW Grocery Store, Cute Small Mouse Toy Store, Cute Sticker House Store, CXLIDY PARTY Store, Daily boutique department Store, Dongguan Nuosheng Electronic Technology Co., Ltd., Dongguan Tongjia Toys Co., Ltd., Dongyang Yadi Pet Product Co., Ltd., Ee Party Store, Eweiser Electronic Technology (shenzhen) Co., Ltd., FACAIParty Store, Farshunin Store, Fook Fong Toy Store, Fujian Province Jianou City Ruiyi Crafts Co., Ltd., Fun Le Toy City Store, Fun-party Store, GongTen Store, Guangzhou Happy Island Toys Co., Ltd., Guangzhou Yimai Trading Co., Ltd., Hangzhou Xingge Gift Co., Ltd., Hangzhou Xingge Gifts Co., Ltd., Hebei Shuohui Paper Products Co., Ltd., Henan Feeker Import And Export Co., Ltd., Henan Senfa Trading Co., Ltd., Indecor Store, Jinhua Zhibo Garment Co., Ltd., Jinjiang Chengle Shoes And Garment Co., Ltd., JJ Party Store, Kids-toy Store, Let's party together Store, Life & art Store, Little Monkey Toy Store, LU Wood Store, Mother and baby toy store Store, PESENAR Store, pesenar1314 Store, PHOTURT Backdrops Store, piaoliang baby Store, PP Baby Store, Purple Game Store, Qingdao Bazhizhi Culture Co., Ltd., Quanzhou Happy Brothers Trading Co., Ltd., Quanzhou Jinhetuo Packaging Supplies Co., Ltd., Quanzhou Longkun Arts And Crafts Co., Ltd., Shanghai Xinyan Industrial Co., Ltd., Shaoxing Hualai Emb. & Home Textile Co., Ltd., Shop1970547 Store, Shop5702013 Store, Shop911116284 Store, Sky Home Co.,Ltd, Sticker world Store, Temila plush toy Store, Togetit Store, VL Store, Wanmei baby Store, Xiamen Palmy Import & Export Co., Ltd., Yangzhou Caisheng Handicraft Product Co., Ltd., Yangzhou Meixuan Toys And Gifts Co., Ltd., Yiwu Bobo Crafts Co., Ltd., Yiwu Changyuan E-Commerce Firm, Yiwu City Carnival Costume Factory, Yiwu Dingyi E-Commerce Co., Ltd., Yiwu Fuxin Trade Co., Ltd., Yiwu Hualei E-Commerce Co., Ltd., Yiwu Kairan Trading Co., Ltd., Yiwu Longfei Garment Co., Ltd., Yiwu Miaojia Technology Co., Ltd., Yiwu Minzhi Clothing Firm, Yiwu Queyi Clothing Co., Ltd., Yiwu Tangao E-Commerce Firm, |

| | |
|---|---|
| | Yiwu Toystocker Toys Co., Ltd., Yiwu Yuyun Trading Co., Ltd., Yiwu Zihan Import And Export Co., Ltd. and Yuduobao Toy Store |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Ahton Dec.** | Declaration of Karine Ahton in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Blippi** | A fun, energetic entertainer known for his goofy mannerisms, signature blue and orange outfit and educational videos |
| **Blippi Content** | Interactive videos exploring the world through the eyes of a child while teaching them valuable skills such as counting, learning colors and much more |
| **Blippi Registrations** | U.S. Trademark Registration Nos.: 5,333,930 for "BLIPPI" for a variety of goods in Class 28; 5,335,209 for "BLIPPI" for a variety of goods in Class 25 and 6,495,654 for "[Blippi logo]" for goods in Classes 9, 16, 25, 28 and 41 |
| **Blippi Application** | U.S. Trademark Serial Application No. 88/553,924 for |

ii

|  | "BLIPPI", for goods in Classes 18, 20, 21, 24 and 27 |
|---|---|
| **Blippi Marks** | The marks covered by the Blippi Registrations and the Blippi Application |
| **Blippi Products** | A variety of consumer products, such as t-shirts, backpacks and other gear |
| **Counterfeit Products** | Products bearing or used in connection with the Blippi Marks, and/or products in packaging and/or containing labels bearing the Blippi Marks, and/or bearing or used in connection with marks that are confusingly similar to the Blippi Marks and/or products that are identical or confusingly similar to the Blippi Marks |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace |

|  | platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

Before the Court is Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' alleged offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings.

## FACTUAL ALLEGATIONS

In its Application, the Declarations of Rob Miller and Gabriela N. Nastasi, and exhibits attached thereto and other evidence submitted in support thereof, Plaintiff has alleged the following:

1. Moonbug is a global entertainment company that creates and distributes inspiring and engaging stories to expand kids' worlds and minds under their own popular brands, such as Cocomelon, Little Baby Bum, Arpo and The Sharksons, as well as in partnership with prominent children's entertainment brands including Mattel Inc., Nickelodeon, Procter & Gamble and LEGO.

2. Moonbug recently acquired the intellectual property assets for the popular Blippi children's program featuring the main character Blippi – a fun, energetic entertainer known for his goofy mannerisms, signature blue and orange outfit and educational videos. Blippi's popularity stems from interactive videos exploring the world through the eyes of a child while teaching them valuable skills such as counting, learning colors and much more.

3. Established in 2014, the Blippi YouTube Channel now has 15.1 million subscribers

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

and has surpassed 12 billion views. The Blippi Content can also be found on other streaming platforms such as Hulu, Roku and Amazon Prime Video.

4. In addition to streaming content, Blippi has also developed a variety of consumer products, such as t-shirts, backpacks and other gear, which is sold through the official Blippi store at https://shop.moonbug.com/collections/blippi.

5. The Blippi Products typically retail for between $1.99-39.99.

6. Moonbug recently acquired all right, title and interest to U.S. Trademark Registration Nos. 5,333,930 and 5,335,209 through assignments from Kideo, Inc.

7. Through this recent acquisition, Moonbug has gained significant common law trademark and other rights in its Blippi Marks and Blippi Products through its predecessors' use, advertising and promotion.

8. For example, Moonbug now owns the following U.S. Trademark Registration Nos.: 5,333,930 for "BLIPPI" for a variety of goods in Class 28 and 5,335,209 for "BLIPPI" for a variety of goods in Class 25. Moonbug also owns U.S. Trademark Registration No. 6,495,654 for " " for goods in Classes 9, 16, 25, 28 and 41. Moonbug also applied for the registration of "BLIPPI", which is covered by U.S. Trademark Serial Application No. 88/553,924 for goods in Classes 18, 20, 21, 24 and 27.

9. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale or Counterfeit Product through Defendants' User Accounts and Merchant Storefronts with Alibaba and AliExpress (*see* **Schedule A** for links to Defendants' Merchant Storefronts and Infringing Listings);

10. Alibaba and AliExpress are an online marketplaces and e-commerce platforms, which allows manufacturers and other third-party merchants, like Defendants, to advertise,

distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York.

11. Defendants are not, nor have they ever been, authorized distributors or licensees of the Blippi Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Blippi Marks, nor has Plaintiff consented to Defendants' use of marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Blippi Marks.

## ANALYSIS

12. Based on the evidence submitted, Plaintiff is likely to prevail on its Lanham Act and related common law claims at trial.

13. As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted.

14. The balance of potential harm to Defendants of being prevented from continuing to profit from their infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Blippi Marks and to its reputations if a temporary restraining order is not issued;

15. Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Blippi Marks;

16. Plaintiff has not publicized their request for a temporary restraining order in any way;

17. If Defendants are given immediate notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Blippi Marks. Therefore, good cause exists for

granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

18. Similarly, if Defendants are given immediate notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Accordingly, Plaintiff's Application is hereby **GRANTED** as follows:

### I.   Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Blippi Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Blippi Marks;

4

2)      directly or indirectly infringing in any manner Plaintiff's Blippi Marks;

3)      using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Blippi Marks to identify any goods or service not authorized by Plaintiff;

4)      using Plaintiff's Blippi Marks and/or any other marks that are confusingly similar to the Blippi Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

5)      using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

6)      secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

7)      effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution,

display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

8) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7) above and I(B)(1) through I(B)(2) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

2) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

3) knowingly instructing, aiding or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(I) through I(A)(7) and I(B)(1) through I(B)(2) above and I(C)(1) below.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1) within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without

limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

2) knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(4), I(B)(1) through I(B)(2) and I(C)(1) above.

## II.     Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court on April 26, 2022 at 11:00 a.m., why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue. The hearing will be held telephonically. The parties shall use the following dial-in information to call into the hearing: Call-in Number: (888) 363-4749; Access Code: 1015508.  This line is open to the public.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel on or before April 19, 2022.  Plaintiff shall file any Reply papers on or before April 22, 2022.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III.     Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants'

Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.     Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED, as sufficient cause has been shown pursuant to Fed. R. Civ. P. 4(f)(3), that service may be made on Defendants by the following means:

1) delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to **Paragraph V(C)**; or

2) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

8

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

2)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

3)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

4)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

5)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong

Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal@pingpongx.com.

### V. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

   a. their true name and physical address;

   b. the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

   c. the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

   d. the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

   e. the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production

  of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

 1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

  a. account numbers;

    b. current account balances;

    c. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

    d. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

    e. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    f. any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

    1) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

        a. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that

        Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

    b. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

    c. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Blippi Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Blippi Marks.

## VI.     Security Bond

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of five thousand Dollars ($5,000) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII. Sealing Order

A. IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Rob Miller and Gabriela N. Nastasi in support thereof and exhibits attached thereto, and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C), III(A) and V(C)** of this Order, or until otherwise ordered by this Court.

B. Plaintiff shall promptly advise the Court when all Defendants have been served so that the case can be unsealed, but shall submit a status letter regarding service and sealing no later than April 19, 2022.

**SO ORDERED.**

Date:   April 13, 2022

_____
Ronnie Abrams
UNITED STATES DISTRICT JUDGE