UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOONBUG ENTERTAINMENT LIMITED,

*Plaintiff*

v.

ABDG STORE, ANIME-HOUSE STORE, ANYANG FEEKER TRADING CO., LTD., BABY BOARD GAME(DROP SHIPPING) STORE STORE, BAOKANWEIYI STORE, BLACK MAN K STORE, CHANGSHA WODEMORE TECHNOLOGY CO., LTD., CLHW GROCERY STORE, CUTE SMALL MOUSE TOY STORE, CUTE STICKER HOUSE STORE, CXLIDY PARTY STORE, DAILY BOUTIQUE DEPARTMENT STORE, DONGGUAN NUOSHENG ELECTRONIC TECHNOLOGY CO., LTD., DONGGUAN TONGJIA TOYS CO., LTD., DONGYANG YADI PET PRODUCT CO., LTD., EE PARTY STORE, EWEISER ELECTRONIC TECHNOLOGY (SHENZHEN) CO., LTD., FACAIPARTY STORE, FARSHUNIN STORE, FOOK FONG TOY STORE, FUJIAN PROVINCE JIANOU CITY RUIYI CRAFTS CO., LTD., FUN LE TOY CITY STORE, FUN-PARTY STORE, GONGTEN STORE, GUANGZHOU HAPPY ISLAND TOYS CO., LTD., GUANGZHOU YIMAI TRADING CO., LTD., HANGZHOU XINGGE GIFT CO., LTD., HANGZHOU XINGGE GIFTS CO., LTD., HEBEI SHUOHUI PAPER PRODUCTS CO., LTD., HENAN FEEKER IMPORT AND EXPORT CO., LTD., HENAN SENFA TRADING CO., LTD., INDECOR STORE, JINHUA ZHIBO GARMENT CO., LTD., JINJIANG CHENGLE SHOES AND GARMENT CO., LTD., JJ PARTY STORE, KIDS-TOY STORE, LET'S PARTY TOGETHER STORE, LIFE & ART STORE, LITTLE MONKEY TOY STORE, LU WOOD STORE, MOTHER AND BABY TOY STORE STORE, PESENAR STORE, PESENAR1314 STORE, PHOTURT BACKDROPS STORE, PIAOLIANG BABY STORE, PP BABY STORE, PURPLE GAME STORE, QINGDAO BAZHIZHI CULTURE CO., LTD., QUANZHOU HAPPY BROTHERS TRADING CO., LTD., QUANZHOU JINHETUO PACKAGING SUPPLIES

**CIVIL ACTION NO. 22-cv-2386 (RA)**

**PRELIMINARY INJUNCTION ORDER**

CO., LTD., QUANZHOU LONGKUN ARTS AND CRAFTS CO., LTD., SHANGHAI XINYAN INDUSTRIAL CO., LTD., SHAOXING HUALAI EMB. & HOME TEXTILE CO., LTD., SHOP1970547 STORE, SHOP5702013 STORE, SHOP911116284 STORE, SKY HOME CO.,LTD, STICKER WORLD STORE, TEMILA PLUSH TOY STORE, TOGETIT STORE, VL STORE, WANMEI BABY STORE, XIAMEN PALMY IMPORT & EXPORT CO., LTD., YANGZHOU CAISHENG HANDICRAFT PRODUCT CO., LTD., YANGZHOU MEIXUAN TOYS AND GIFTS CO., LTD., YIWU BOBO CRAFTS CO., LTD., YIWU CHANGYUAN E-COMMERCE FIRM, YIWU CITY CARNIVAL COSTUME FACTORY, YIWU DINGYI E-COMMERCE CO., LTD., YIWU FUXIN TRADE CO., LTD., YIWU HUALEI E-COMMERCE CO., LTD., YIWU KAIRAN TRADING CO., LTD., YIWU LONGFEI GARMENT CO., LTD., YIWU MIAOJIA TECHNOLOGY CO., LTD., YIWU MINZHI CLOTHING FIRM, YIWU QUEYI CLOTHING CO., LTD., YIWU TANGAO E-COMMERCE FIRM, YIWU TOYSTOCKER TOYS CO., LTD., YIWU YUYUN TRADING CO., LTD., YIWU ZIHAN IMPORT AND EXPORT CO., LTD. and YUDUOBAO TOY STORE,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Moonbug** | Moonbug Entertainment Limited |
| **Defendants** | ABDG Store, Anime-House Store, Anyang Feeker Trading Co., Ltd., Baby board game(drop shipping) Store Store, BAOKANWEIYI Store, Black Man K Store, Changsha Wodemore Technology Co., Ltd., CLHW Grocery Store, Cute Small Mouse Toy Store, Cute Sticker House Store, CXLIDY PARTY Store, Daily boutique department Store, Dongguan Nuosheng Electronic Technology Co., Ltd., Dongguan Tongjia Toys Co., Ltd., Dongyang Yadi Pet Product Co., Ltd., Ee Party Store, Eweiser Electronic Technology (shenzhen) Co., Ltd., FACAIParty Store, Farshunin Store, Fook Fong Toy Store, Fujian Province Jianou City Ruiyi Crafts Co., Ltd., Fun Le Toy City Store, Fun-party Store, GongTen Store, Guangzhou Happy Island Toys Co., Ltd., Guangzhou Yimai Trading Co., Ltd., Hangzhou Xingge Gift Co., Ltd., Hangzhou Xingge Gifts Co., Ltd., Hebei Shuohui Paper Products Co., Ltd., Henan Feeker Import And Export Co., Ltd., Henan Senfa Trading Co., Ltd., Indecor Store, Jinhua Zhibo Garment Co., Ltd., Jinjiang Chengle Shoes And Garment Co., Ltd., JJ Party Store, Kids-toy Store, Let's party together Store, Life & art Store, Little Monkey Toy Store, LU Wood Store, Mother and baby toy store Store, PESENAR Store, pesenar1314 Store, PHOTURT Backdrops Store, piaoliang baby Store, PP Baby Store, Purple Game Store, Qingdao Bazhizhi Culture Co., Ltd., Quanzhou Happy Brothers Trading Co., Ltd., Quanzhou Jinhetuo Packaging Supplies Co., Ltd., Quanzhou Longkun Arts And Crafts Co., Ltd., Shanghai Xinyan Industrial Co., Ltd., Shaoxing Hualai Emb. & Home Textile Co., Ltd., Shop1970547 Store, Shop5702013 Store, Shop911116284 Store, Sky Home Co.,Ltd, Sticker world Store, Temila plush toy Store, Togetit Store, VL Store, Wanmei baby Store, Xiamen Palmy Import & Export Co., Ltd., Yangzhou Caisheng Handicraft Product Co., Ltd., Yangzhou Meixuan Toys And Gifts Co., Ltd., Yiwu Bobo Crafts Co., Ltd., Yiwu Changyuan E-Commerce Firm, Yiwu City Carnival Costume Factory, Yiwu Dingyi E-Commerce Co., Ltd., Yiwu Fuxin Trade Co., Ltd., Yiwu Hualei E-Commerce Co., Ltd., Yiwu Kairan Trading Co., Ltd., Yiwu |

| | |
|---|---|
| | Longfei Garment Co., Ltd., Yiwu Miaojia Technology Co., Ltd., Yiwu Minzhi Clothing Firm, Yiwu Queyi Clothing Co., Ltd., Yiwu Tangao E-Commerce Firm, Yiwu Toystocker Toys Co., Ltd., Yiwu Yuyun Trading Co., Ltd., Yiwu Zihan Import And Export Co., Ltd. and Yuduobao Toy Store |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Ahton Dec.** | Declaration of Karine Ahton in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Blippi** | A fun, energetic entertainer known for his goofy mannerisms, signature blue and orange outfit and educational videos |
| **Blippi Content** | Interactive videos exploring the world through the eyes of a child while teaching them valuable skills such as counting, learning colors and much more |
| **Blippi Registrations** | U.S. Trademark Registration Nos.: 5,333,930 for "BLIPPI" for a variety of goods in Class 28; 5,335,209 for "BLIPPI" for a variety of goods in Class 25 and |

| | |
|---|---|
| | 6,495,654 for " " for goods in Classes 9, 16, 25, 28 and 41 |
| **Blippi Application** | U.S. Trademark Serial Application No. 88/553,924 for "BLIPPI", for goods in Classes 18, 20, 21, 24 and 27 |
| **Blippi Marks** | The marks covered by the Blippi Registrations and the Blippi Application |
| **Blippi Products** | A variety of consumer products, such as t-shirts, backpacks and other gear |
| **Counterfeit Products** | Products bearing or used in connection with the Blippi Marks, and/or products in packaging and/or containing labels bearing the Blippi Marks, and/or bearing or used in connection with marks that are confusingly similar to the Blippi Marks and/or products that are identical or confusingly similar to the Blippi Marks |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba |

| | |
|---|---|
| | Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHEREAS, Plaintiff having moved *ex parte* on March 24, 2022 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on April 13, 2022 ("TRO") which ordered Defendants to appear on April 26, 2022 at 11:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on April 18, 2022, Plaintiff filed a letter requesting to modify and extend the TRO;

WHEREAS, on the same day, April 18, 2022, the Court entered an Order granting Plaintiff's request and, *inter alia¸* adjourning the April 26, 2022 Show Cause Hearing to May 17, 2022 at 11:00 a.m. ("April 18, 2022 Order");

WHEREAS, on May 3, 2022, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the April 18, 2022 Order on each and every Defendant;

WHEREAS, on May 17, 2022 at 11:00 a.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

**ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of

the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Blippi Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Blippi Marks;

ii. directly or indirectly infringing in any manner Plaintiff's Blippi Marks;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Blippi Marks to identify any goods or service not authorized by Plaintiff;

iv. using Plaintiff's Blippi Marks and/or any other marks that are confusingly similar to the Blippi Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and

Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts

until further ordered by this Court;

ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

iii. knowingly instructing, aiding, or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above and 1(c)(i) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;

ii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account

details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

i. account numbers;

ii. current account balances;

iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including but not limited to, names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

ii. the identities, location and contact information, including any and all e-mail addresses, of Defendants;

iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, and Defendants Merchant Storefronts', a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

vii. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Blippi Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Blippi Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses toas identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the TRO; or

b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download a PDF copy of this Order.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Chloe He, Alibaba Group at chloe.he@alibaba-inc.com;

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com; and

f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 17th day of May, 2022.
New York, New York

HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE