UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOONBUG ENTERTAINMENT
LIMITED,

                Plaintiff,

           -v-

ABDG STORE, et al.,

                Defendants.

No. 22-CV-2386 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

      Plaintiff Moonbug Entertainment Limited, an entertainment company, seeks entry of a default judgment and permanent injunction against China-based companies ("Defendants") for violations of its intellectual property rights related to the children's program "Blippi," which is available on multiple streaming platforms. After voluntarily dismissing claims against twenty-eight Defendants, fifty-three Defendants remain.[1] Before issuing an order to show cause in this action, the Court must decide Plaintiff's application to effect service of the order and supporting papers on Defendants by means of alternative service. Furthermore—because this Court must

---

[1] These Defendants are Anyang Feeker Trading Co., Ltd.; Changsha Wodemore Technology Co., Ltd.; CLHW Grocery Store; Dongguan Nuosheng Electronic Technology Co., Ltd.; Dongguan Tongjia Toys Co., Ltd.; Dongyang Yadi Pet Product Co., Ltd.; Ee Party Store; Eweiser Electronic Technology (shenzhen) Co., Ltd.; Farshunin Store; Fujian Province Jianou City Ruiyi Crafts Co., Ltd.; Fun Le Toy City Store; Fun-party Store; Guangzhou Happy Island Toys Co., Ltd.; Guangzhou Yimai Trading Co., Ltd.; Hebei Shuohui Paper Products Co., Ltd.; Henan Feeker Import And Export Co., Ltd.; Henan Senfa Trading Co., Ltd.; Indecor Store; Jinhua Zhibo Garment Co., Ltd.; Jinjiang Chengle Shoes And Garment Co., Ltd.; JJ Party Store; Let's party together Store; LU Wood Store; Mother and baby toy store Store; PESENAR Store; pesenar1314 Store; piaoliang baby Store; Qingdao Bazhizhi Culture Co., Ltd.; Quanzhou Happy Brothers Trading Co., Ltd.; Quanzhou Jinhetuo Packaging Supplies Co., Ltd.; Quanzhou Longkun Arts And Crafts Co., Ltd.; Shanghai Xinyan Industrial Co., Ltd.; Shaoxing Hualai Emb. & Home Textile Co., Ltd.; Shop1970547 Store; Shop5702013 Store; Wanmei baby Store; Xiamen Palmy Import & Export Co., Ltd.; Yangzhou Caisheng Handicraft Product Co., Ltd.; Yangzhou Meixuan Toys And Gifts Co., Ltd.; Yiwu Changyuan ECommerce Firm; Yiwu City Carnival Costume Factory; Yiwu Dingyi ECommerce Co., Ltd.; Yiwu Fuxin Trade Co., Ltd.; Yiwu Hualei ECommerce Co., Ltd.; Yiwu Kairan Trading Co., Ltd.; Yiwu Longfei Garment Co., Ltd.; Yiwu Miaojia Technology Co., Ltd.; Yiwu Minzhi Clothing Firm; Yiwu Queyi Clothing Co., Ltd.; Yiwu Tangao ECommerce Firm; Yiwu Toystocker Toys Co., Ltd.; Yiwu Yuyun Trading Co., Ltd.; and Yiwu Zihan Import And Export Co., Ltd.

assure itself that it has personal jurisdiction before granting a motion for default judgment, *see Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1389 (S.D.N.Y. 2022), *appeal dismissed*, No. 22-1810-cv, 2023 WL 3220461 (2d Cir. May 3, 2023)—the Court also assesses whether its prior decisions authorizing alternative service were proper under international law, particularly in light of intervening decisions in this Circuit. For the reasons that follow, the Court finds that alternative service in this action is proper and grants Plaintiff's pending request for alternative service.

## BACKGROUND

Plaintiff is a global entertainment company that owns the intellectual property assets for "Blippi," a children's program available on multiple streaming platforms. ECF No. 16, at ¶¶ 1–3. Defendants are China-based companies, which Plaintiff alleges have infringed Plaintiff's intellectual property rights through the manufacture and sale of counterfeit Blippi products. *Id.* ¶¶ 9–11.

On March 24, 2022, Plaintiff moved *ex parte* for, in relevant part, (1) a temporary restraining order against Defendants, (2) an order to show cause why a preliminary injunction should not issue, and (3) an order authorizing bifurcated and alternative service. *See* ECF No. 12. On April 13, 2022, the Court granted Plaintiff's motion and authorized alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3). *See* ECF No. 16, at 8–10. The alternative service order provided (i) that Plaintiff serve the order on third-party service providers and financial institutions utilized by Defendants; (ii) that the third parties provide Plaintiff with "contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses)"; and that Plaintiff could effect service on Defendants by email. *Id.* Plaintiff thereafter served Defendants in compliance with this order. ECF No. 19, at ¶¶ 8–9. On May 22, 2022, after

a hearing, the Court issued a preliminary injunction against Defendants, and authorized Plaintiff to effect service of the decision on Defendants by email. ECF No. 20.

Although no Defendant ever appeared in this action, in September 2022, Plaintiff voluntarily dismissed its claims with prejudice against three Defendants, and in October 2022, it advised the Court that it was engaged in settlement discussions with "a handful of [other] Defendants." ECF No. 23, 25, 27. Plaintiff thereafter obtained a certificate of default against the remaining Defendants and moved for default judgment. *See* ECF Nos. 29–31, 34.

While the preliminary injunction was in place, other judges in this district issued decisions concerning the propriety of authorizing alternative service on China-based defendants under international law. Accordingly, the Court ordered Plaintiff to file supplemental briefing addressing whether the Hague Convention applies in this action and whether service by email on Defendants was proper pursuant to it. *See* ECF No. 36. The Court further ordered Plaintiff, to the extent it concluded that the Convention was inapplicable, to file a declaration detailing its efforts to identify Defendants' physical addresses for service of process. *Id.* Plaintiff thereafter voluntarily dismissed its claims against twenty-five Defendants, reducing the number of remaining Defendants from seventy-eight to fifty-three, *see* ECF No. 40, and filed supplemental briefing and a declaration in response to the Court's order, *see* ECF Nos. 38–39.

## LEGAL STANDARD

"Before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant. And before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."[2] *Smart Study Co.*, 620 F. Supp. 3d at 1389.

---

[2] Unless otherwise indicated, case quotations omit all citations, quotation marks, footnotes, and omissions, and adopt alterations.

Federal Rule of Civil Procedure 4(f) governs service of a summons on an individual in a foreign country. It provides:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

The decision whether to permit alternative service of process pursuant to Rule 4(f)(3) is one generally "committed to the sound discretion of the district court," *United States v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012). "In determining whether to issue an order permitting alternative service under Rule 4(f)(3), a Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Spin Master, Ltd. v. Aomore-US*, No. 23 Civ. 7099 (DEH), 2024 WL 3030405, at *4 (S.D.N.Y. June 17, 2024) (emphasis omitted). Here, the Court must determine whether service on Defendants by email is prohibited by the Hague Convention, and, if not, whether it comports with notions of due process.

When the Hague Convention applies, compliance with its terms—including its procedures for service of process—is "mandatory." *Smart Study Co.*, 620 F. Supp. 3d at 1389. The Convention does not apply, however, "where the address of the person to be served with the document is not known." *Id.* at 1390. Courts in this district have found that an address is "not

4

known if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Id.* at 1390–91. "What constitutes reasonable diligence is a fact-specific inquiry, and . . . multiple modes of attempted contact typically are required." *Spin Master*, 2024 WL 3030405, at *5; *see also Fox Shriver LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns. Identified on Schedule A to the Compl.*, No. 23-CV-1898 (JPO), 2024 WL 230748, at *2 (S.D.N.Y. Jan. 22, 2024) ("A plaintiff must make further efforts, such as investigating likely physical addresses and determining whether they are associated with defendants.").

A court must further assess whether "the proposed means of service . . . comport[s] with constitutional notions of due process, which requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22 Civ. 558 (PAE), 2022 WL 3701216, at *9 (S.D.N.Y. Aug. 26, 2022). "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Id.* "As a general matter, in those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Id.*

## DISCUSSION

It is now well-established in this district that "service by email on defendants located in China is not permitted by the Hague Convention." *Smart Study Co.*, 620 F. Supp. 3d at 1392; *Fox Shriver LLC*, 2024 WL 230748, at *1; *Spin Master, Ltd.*, 2024 WL 3030405, at *6. Because Defendants are China-based companies, the Court's alternative service orders pursuant to Rule 4(f)(3) are improper unless the Hague Convention is inapplicable. Plaintiff argues that the Hague

5

Convention does not apply, and electronic service on Defendants is proper, because their physical addresses are not "known." The Court agrees.

An address is "not known" for purposes of the Hague Convention "if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Smart Study Co.*, 620 F. Supp. 3d at 1390–91. Whether Plaintiff exercised reasonable diligence is a "fact-specific inquiry" that depends on the extent of the efforts Plaintiff undertook to identify Defendants' physical addresses. *Spin Master*, 2024 WL 3030405, at *5. Here, Plaintiff's multipronged efforts to identify the physical addresses of the remaining fifty-three Defendants are sufficient to establish that it acted with reasonable diligence.

In a supplemental declaration, Plaintiff represents that its counsel's Beijing office "reviewed Defendants' Merchant Storefronts to attempt to locate physical addresses for the Defendants and compiled a list of the same." ECF No. 38, at ¶ 2. To identify or confirm the accuracy of these addresses, Plaintiff used "one of the most popular search engines in China to attempt to locate and/or confirm the accuracy of Defendants' addresses." *Id.* ¶ 5. It also "conducted a search . . . on a Chinese company registration website," which sources information from "the National Enterprise Credit Information Publicity System, China Copyright Protection Center, China National Intellectual Property Administration, China Judicial Documents Website and other official websites." *Id.* ¶ 6. Plaintiff's counsel further searched National Enterprise Credit Information Publicity System, "which is the most reliable source for providing company registration information" and is organized by the China National Market Supervision and Administration. *Id.* ¶ 7.

Despite these efforts, Plaintiff's counsel was "unable to locate true and correct physical

6

addresses" for Defendants. *Id.* ¶ 8. For thirty-six of the Defendants against which Plaintiff moves for a default judgment, Plaintiff's searches revealed incomplete addresses, such as the city, zip code, or simply the country of the business's location (i.e., "China"). *Id.* ¶ 9. For the remaining seventeen Defendants, Plaintiff's searches revealed "addresses that are not registered to any company, let alone the respective . . . Defendants' Merchant Storefronts." *Id.* Plaintiff was also unable "to independently locate physical addresses for these . . . Defendants." *Id.* ¶ 10. Despite the Court's order that the third-party service providers and financial institutions provide Plaintiff with contact information for Defendants, including physical addresses, these third parties only provided Plaintiff with Defendants' email addresses. *Id.* ¶ 11. In light of the foregoing, Plaintiff argues, and the Court finds, that Plaintiff exercised reasonable diligence to identify Defendants' physical addresses.

Plaintiff's efforts closely parallel those that the district court in *Smart Study Co. v. Acuteye-Us* court found to be sufficient to establish that the defendants' addresses were unknown, therefore making the Hague Convention inapplicable. *See* No. 21-CV-5860, ECF No. 127, at 14–18, 38 (S.D.N.Y. Oct. 25, 2023) (finding, after plaintiff's submission of a supplemental declaration detailing its counsel's online investigation of defendant's physical addresses, that alternative service was proper under Rule 4(f)(3), and granting default judgment); *see also Foxmind Can. Enters. Ltd. v. Badouyu Intelligent IOT Tech. (Suzhou) Co.*, No. 22-cv-0885 (VSB), 2023 WL 6541777, at *1 (S.D.N.Y. Sept. 29, 2023) (finding that plaintiff had exercised reasonable diligence where it "used an internet search engine to investigate Defendants' addresses, reviewed Chinese business registries, and conducted mailings to Defendants' addresses using a tracked courier service"); *Kelly Toys Holdings*, 2022 WL 3701216, at *7 (finding that plaintiff had exercised reasonable diligence where it had made

7

"extensive and multi-dimensional efforts" to identify the defendants' physical addresses and noting that "[c]ourts in this District and others have repeatedly found reasonable diligence, and thus an exemption from the Hague Convention, where plaintiff made comparable, or less vigorous, efforts"). Plaintiff's efforts, moreover, were more extensive here than in cases in which prior courts found a lack of reasonable diligence, due to a failure of the plaintiff to undertake efforts to discover the defendants' physical addresses. *See, e.g.*, *Spin Master*, 2024 WL 3030405, at *5 (finding that the record did not demonstrate reasonable diligence where the plaintiff relied on a third party's unsupported assessment that the defendant's physical addresses listed on Amazon were inaccurate).

Having concluded that service by email on Defendants was not prohibited by the Hague Convention, the Court next considers whether alternative service "comports with constitutional notions of due process," *Id.* at *4. On this record, the Court finds that it does.

"It is well settled that service of foreign defendants by email can satisfy due process," *Carrillo v. Sabbadini*, No. 23-CV-5692 (VSB), 2025 WL 304446, at *3 (S.D.N.Y. Jan. 27, 2025) (collecting cases), so long as the "plaintiff demonstrates that the email is likely to reach the defendant," *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013). Here, Plaintiff served Defendants at email addresses provided by two third-party institutions, Alibaba and AliExpress, online platforms with which Defendants registered user accounts and conducted their alleged counterfeiting scheme. ECF No. 38, at ¶ 11; ECF No. 39, at v–vi; ECF No. 16, at ¶¶ 9–10. Plaintiff represents that it has confirmed that at least a subset of Defendants received notice of this action. *See* ECF No. 27 (asserting that Plaintiff was engaged in settlement discussions with "a handful of Defendants"). More generally, given the record evidence that Defendants "use[d] . . . these email addresses in relation to the

alleged scheme," *F.T.C. v. Pecon Software Ltd.*, No. 12 Civ. 7186 (PAE), 2013 WL 4016272, at *6 (S.D.N.Y. Aug. 7, 2013), the Court finds that Plaintiff has established a likelihood that they all would receive service at the email addresses identified. *See AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913 (KMK), 2015 WL 3457452, at *8 (S.D.N.Y. June 1, 2015) ("[C]ourts have upheld service via e-mail in cases that involved email addresses undisputedly connected to the defendants and that the defendants used for business purposes."). Accordingly, the Court finds that service by email comports with due process and, for the reasons set forth above, concludes that alternative service was and is proper as to the remaining fifty-three Defendants in this action.

## CONCLUSION

The Court hereby grants Plaintiff's alternative service application and finds that the Court's prior alternative service orders were likewise proper. The Court will issue an order to show cause scheduling a hearing on Plaintiff's pending motion for a default judgment, as well as a permanent injunction against all remaining Defendants.

SO ORDERED.

Dated:   June 27, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge

9