UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOONBUG ENTERTAINMENT LIMITED,

Plaintiff,

v.

ANYANG FEEKER TRADING CO., LTD.,
et al.,

Defendants.

No. 22-CV-2386 (RA)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

On March 24, 2022, Plaintiff Moonbug Entertainment Limited asserted trademark infringement and counterfeiting claims against 78 Defendants. On August 21, 2025, the Court found 53 Defendants in default (collectively the "Defaulting Defendants") and issued a final default judgment against them. Dkt. No. 49 (Aug. 21, 2025 Default Judgment Order). The case was referred to Magistrate Judge Cave for a damages inquest that same day. Dkt. No. 48 (Aug. 21, 2025 Referral Order).

On January 12, 2026, Judge Cave issued a Report and Recommendation, Dkt. No. 52 (the "Report"), recommending that Plaintiff be awarded statutory damages in the amount of $50,000 as to each Defaulting Defendant for a total of $2,650,000, as well as post-judgment interest at the statutory rate. Judge Cave's opinion is exceptionally thorough, and rightly notes that the $50,000 per willful infringement is within the range frequently awarded in similar cases, even if it is "significantly lower than the $2,000,000 maximum [per infringement] the Court is empowered to impose" pursuant to 15 U.S.C. § 1117(c). Report at 18; *see also Cawthon v. Yongchunhengyuanmaoyiyouxiangongsi*, 2024 WL 4716232 at *7 (S.D.N.Y. Oct. 29, 2024) (collecting cases to the effect that a $50,000 award "per infringer or per copyright or

trademark infringed" is within the "typical[]" range in cases such as this in this District). The Report advised the parties that they had "fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure" and that "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**" Report at 20–21 (emphasis in original). Plaintiff filed a certificate of service of the Report as to "each and every" Defaulting Defendant on January 13, 2026.  Dkt. No. 52 (Certificate of Service).  Five months have now passed, and no party has objected to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Within fourteen days after being served with a copy [of a report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.*; *see also* Fed. R. Civ. P. 72(b). Where no timely objection has been made to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009).

As no objections to the Report were timely filed, the Court has reviewed Judge Cave's Report for clear error.  After careful review of the record, the Court finds no error and thus adopts the well-reasoned Report in its entirety. Plaintiff is awarded statutory damages in the amount of

$50,000 as to each Defaulting Defendant and post-judgment interest at the statutory rate. *See* 28 U.S.C. § 1961. No later than June 8, 2026, Plaintiff shall submit a proposed judgment consistent with this decision.

SO ORDERED.

Dated:       May 20, 2026

       New York, New York

                                             _____

Ronnie Abrams
United States District Judge